**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

HALLSTEAD-GREAT BEND JOINT
SEWER AUTHORITY,

      Plaintiff,

         v.

THE McELWEE GROUP, LLC,

      Defendant.

CIVIL ACTION NO. 3:CV-16-1467
(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Notice of Removal filed by Defendant, The McElwee Group, LLC ("McElwee"). (Doc. 1.)  Because the Notice of Removal fails to establish that this Court has subject matter jurisdiction over the action, it will be remanded to state court unless Defendant can show that diversity jurisdiction is proper.

### I. Background

Plaintiff, the Hallstead-Great Bend Joint Sewer Authority, commenced this action on April 14, 2016 in the Court of Common Pleas of Susquehanna County, Pennsylvania. (Doc. 2) In the Complaint, Plaintiff alleges breach of contract and requests declaratory relief and damages. (*Id.* at ¶¶ 47-56.)

The Complaint was purportedly served on Defendant on July 1, 2016. (Doc. 1, ¶ 1.) On July 18, 2016, Defendant filed a Notice of Removal. (Doc. 1) Defendant seeks to remove the action to this Court on the basis of diversity of citizenship. (Doc. 1, ¶ 6.)  In the Notice of Removal, Defendant avers that the "Plaintiff and the Defendant's state[s] of incorporation and principal place[s] of business are from diverse states." (*Id.* at ¶ 4.) Defendant avers that is it not a citizen of the Commonwealth of Pennsylvania where the action is pending and the amount in controversy exceeds $ 75,000.00, exclusive of interests and costs. (*Id.*)

Defendant seeks to remove the action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. (*Id.* at ¶ 7.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir.2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)).  Defendant alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1441 and § 1332(a). Section 1332(a) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."

2

*Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

The Third Circuit has held that "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). If, after reasonable inquiry, the precise citizenship of a defendant is unknown, a plaintiff may sufficiently plead diversity by "alleg[ing] that the defendant is *not* a citizen of the plaintiff's state of citizenship", *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) (emphasis in original), but "where the unincorporated association is the proponent of diversity jurisdiction, there is no reason to excuse it of its obligation to plead the citizenship of each of its members." *Lincoln*, 800 F.3d at 110 n. 37 (citing *Underwriters at Lloyd's, London v. Osting–Schwinn,* 613 F.3d 1079, 1088–89 (11th Cir.2010); *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis,* 893 F.2d 968, 969 (8th Cir.1990))

In this case, Defendant fails to adequately allege the citizenship of The McElwee Group, LLC. The Complaint and the Notice of Removal allege that Defendant is a New Jersey limited liability company, or LLC. (Doc. 1, ¶ 1; Doc. 2, ¶ 2.) However, the Notice of Removal only alleges that "defendant is not a citizen of the State in which the action is presently pending, that is the Commonwealth of Pennsylvania." (Doc. 1, ¶ 4.) Here, the Notice of Removal fails to plead the citizenship of the member or members of the LLC. (*Id.* at ¶ 3.) Without identification of the citizenship of the members of the LLC in the Notice of Removal, the Court cannot determine whether there is proper jurisdiction over this action. The McElwee Group, LLC is seeking removal and is clearly in a position to allege the

citizenship of the LLC's member or members and therefore, will be given an opportunity to amend the Notice of Removal.

### III. Conclusion

As such, Defendant will be given twenty-one (21) days in which to file an amended notice of removal to properly allege the citizenship of the member or members of Defendant The McElwee Group, LLC.  Failure to do so will result in this action being remanded to the Court of Common Pleas of Susquehanna County, Pennsylvania.

An appropriate order follows.


 July 20, 2016                                              /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
                                                           United States District Judge

4