**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALLSTEAD-GREAT BEND JOINT SEWER AUTHORITY, | NO. 3:16-CV-01467 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| THE McELWEE GROUP, LLC, | |
| Defendant. | |

## MEMORANDUM

Presently before me is Plaintiff Hallstead-Great Bend Joint Sewer Authority's ("Plaintiff") Motion to Remand Pursuant to 28 U.S.C. § 1447 (c). (Doc. 13). Because I find that this Court lacks subject matter jurisdiction over the suit, I will grant the motion.

## I. Background

Plaintiff initiated this action on April 14, 2016 by filing a Complaint in the Court of Common Pleas for Susquehanna County, for a declaration of rights and award of damages for breach of a contract for construction of improvements to Plaintiff's wastewater treatment plant. Defendant McElwee Group, LLC ("Defendant") removed the action to this Court on July 18, 2016 (Doc. 1), alleging both federal question and diversity jurisdiction as bases for removal. On July 20, 2016, *sua sponte*, I issued a Memorandum and Order (Docs. 5, 6) finding that, because the Notice of Removal did not identify the citizenship of the members of The McElwee Group, LLC, it failed to adequately allege diversity of citizenship, and I gave Defendant twenty-one (21) days to file an amended notice of removal.

On August 8, 2016, Defendant filed an Amended Notice of Removal (Doc. 7) asserting that The McElwee Group, LLC has two owners: Scott McElwee, a purported citizen of Arizona, residing at 18312 West Mauna Loa Drive, Surprise, Arizona 85388; and Robert McElwee, a purported citizen of New Jersey, residing at 427 Station Avenue, Haddonfield, NJ 08033. Defendant again asserted diversity and federal question jurisdiction as bases for removal.

In the instant motion, Plaintiff argues that its state-law breach of contract claims do not raise any federal questions. Plaintiff also asserts that, although Defendant alleges diversity jurisdiction, it has provided no evidence that Scott McElwee is a citizen of Arizona.

## II. **Legal Standard for a Motion To Remand**

A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that removal was proper. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir.2007) (citing *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir.2004)). Thus, the Court must analyze whether the action was removable as pending in the state court. *See* 28 U.S.C. §§ 1441(a), 1446; *see also United States Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir.2002). Courts must also narrowly construe § 1441 against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868 (1941).

## III. Discussion

### A.     **Diversity Jurisdiction**

Defendant's first basis of original jurisdiction is 28 U.S.C. § 1332, the diversity of citizenship statute. (Doc. 15, at 2).

### 1.     **Legal Standard**

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

For purposes of the diversity statute, the "citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d

Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming "that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'"); *see also* 1 Fed. Proc., L. Ed. § 1:176 (2011) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens"). Therefore, "courts must look to the citizenship of a limited liability company's members to determine if there is diversity jurisdiction." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013).

Citizenship is synonymous with domicile, and "the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454, 93 S.Ct. 2230 (1973). In determining an individual's domicile, a court considers several factors, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972) (quotation omitted). Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. 13B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3612 (3d ed.2005).

## 2.   Analysis

Plaintiff argues that remand is necessitated by the forum defendant rule, 28 U.S.C. § 1441(b)(2), because Scott McElwee ("McElwee"), a member of Defendant The McElwee Group, LLC, is a citizen of the Commonwealth of Pennsylvania, the state in which the state court action was filed. (Doc. 14, at 3). Plaintiff asserts that publicly available records indicate that McElwee owns a home in Newtown Square, Pennsylvania; is registered to vote in Delaware County, Pennsylvania; and maintains other connections to Pennsylvania which demonstrate that he is a domiciliary of Pennsylvania, not Arizona, and that complete diversity of citizenship, thus, does not exist.

Defendants oppose remand and argue that

> Scott McElwee has not set foot in Pennsylvania in over six months. He no longer lives in Pennsylvania. He took a new job in Arizona and quit his job in Pennsylvania. He removed his furniture, furnishings, personal effects from Pennsylvania. He moved to Arizona in January 2016. He put his Pennsylvania house up for sale and rented it until it sells. It is impossible for him to be domiciled and a resident of Pennsylvania regardless of what the plaintiff seeks to argue.

(Doc. 15, at 6). Defendant, however, cites to no legal authority or sufficient evidence for his assertions, and his entire legal argument concerning the citizenship status of McElwee is confined only to the above-quoted paragraph.

As the removing party asserting federal jurisdiction, Defendant bears the burden of proving that the action is properly before the district court. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir.1993); *Boyer v. Snap–on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). I find that Defendant has not carried its burden to prove that diversity of citizenship existed at the time the complaint was filed, and at the time of removal. *Johnson*, 724 F.3d at 346 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985)).

While McElwee denies that he is a citizen of Pennsylvania, he never establishes, as is his burden, that he is a citizen of another state. He claims he no longer lives in Pennsylvania, no longer attends church in Pennsylvania, no longer serves as a "missions' chair" at his church, and no longer updates his LinkedIn webpage account where he holds himself out to live and work in Pennsylvania. Mere denial of the activities and indicia of citizenship in Pennsylvania does not forfeit or renounce that citizenship; rather, it is the affirmative establishment of a new citizenship that can only divest McElwee of his status as a Pennsylvania citizen. It is a well-settled principle that "a domicile once acquired is presumed to continue until it is shown to have been changed." *Mitchell v. United States*, 21 Wall. 350, 88 U.S. 350, 353 (1874); *Korn v. Korn*, 398 F.2d 689, 691 n. 4 (3d Cir.1968) (quoting *Mitchell*, 88 U.S. at 353, 88 U.S. 350). This principle gives rise to a presumption favoring an established domicile over a new one. *McCann v. Newman Irrevocable Trust*,

4

458 F.3d 281, 286-87 (3d Cir. 2006) (citations omitted). "The effect of this presumption is to put a heavier burden on a party who is trying to show a change of domicile than is placed on one who is trying to show the retention of an existing or former one." 13B Wright et al., § 3612. "All doubts [are] resolved in favor of remand." *Brown*, 75 F.3d at 864-65 (quoting *Abels*, 770 F.2d at 29).

Here, McElwee fails to produce evidence to establish his citizenship in Arizona, such as a driver's license, residential lease, utility bills, voter registration records, vehicle registration records, proof of employment, or bank account information. Instead, the dispositive piece of evidence, according to him, is his own declaration proclaiming himself to be a citizen of Arizona. That is insufficient because whether or not he is a citizen of Arizona is a legal conclusion for me to decide, not for a party to declare. Even the most sincere belief that McElwee is a citizen of Arizona does not divest him of his Pennsylvania citizenship. As such, McElwee has not established by a preponderance of the evidence "that the center of [his] business, domestic, social and civic life" is Arizona. *Washington*, 652 F.3d at 344. Nor has he established any religious or financial ties there.

Because the record is devoid of minimum evidentiary support, I find that his singular statements are insufficient to rebut the presumption in favor of Pennsylvania as his domicile, or demonstrate by a preponderance of the evidence that a change of domicile to Arizona has occurred.

## B.     Federal Question Jurisdiction

Defendant's another basis of original jurisdiction is 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (Doc. 15, at 6).

## 1.     Legal Standard

As the Supreme Court has elaborated, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987). "It is not enough that a federal question is or may be raised as a defense. '[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *U.S. Express Lines, Ltd.*, 281 F.3d at 389 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229 (1986)) (internal quotations omitted). *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11, n. 9, 103 S.Ct. 2841 (1983). Furthermore, federal law "must be in the forefront of the case and not collateral, peripheral, or remote." *Id.* (quoting *Merrell Dow*, 478 U.S. at 813 n. 11, 106 S.Ct. 3229). *See Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

While a complaint bringing a federal cause of action will always support federal question jurisdiction, such jurisdiction may alternatively lie from state law claims "which implicate significant federal issues." *Grable*, 545 U.S. at 314, 125 S.Ct. 2363. There is no "single, precise, all-embracing test" that courts may use to identify when "federal issues embedded in state-law claims" are sufficiently substantial or important to give rise to federal question jurisdiction. *Id.* However, the Supreme Court has made clear that the category of cases involving state law claims of such jurisdictional import is "special," "small" and "slim." *Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677, 700–01, 126 S.Ct. 2121 (2006).

## 2.    Analysis

Defendant argues that "[i]in this cause of action[,] the Federal Agency, the United States Department of Agriculture Rural Utilities Services (USDA, RUS), is indespensibly (*sic*) involved in the construction project in question which results in federal question that need be addressed in this litigation." (Doc. 15, at 7). Defendant, however, cites to no authority for that proposition and fails to put forward any theory supporting that assertion.

At the heart of this suit is a contract dispute between a private party and a Pennsylvania municipal authority. (Doc. 2, at 5). The action revolves around "an equitable adjustment in the contract price for various delays . . . that affected the performance of the contract" (Doc. 7, at ¶ 13), as well as Defendant's alleged failure to meet the "substantial completion" date as set out in an adjusted contract. (Doc. 8, at 2). Thus, Plaintiff seeks a declaratory judgment proclaiming "its rights and obligations as to [Defendant] under the Contract" (Doc. 2, at ¶¶ 47-49). Plaintiff also alleges that Defendant breached the contract by failing to complete the project within the contracted-for time. (*Id.* at ¶¶ 50-56).

Defendant's own counterclaim also alleges a contractual dispute. (Doc. 8, at 8). Defendant avers that it "provided materials and services beyond the contract scope of the August 5, 2009," (Doc. 8, at 9), and that Plaintiff "is responsible and liable to compensate [Defendant] for extended overhead costs." (Doc. 8, at 10).

Thus, simply put, this is a case of dissatisfied parties seeking compensation for an allegedly breached contract. The facts alleged make it clear that Plaintiff's complaint is contractual in nature, and is appropriately directed against the private Defendant with whom it had a contractual relationship. In arguing that federal question jurisdiction exists, Defendant puts forward two propositions: first, it claims that "the project was constructed under the laws, regulations and directives of the [U.S. Department of Agriculture, Rural Utilities Services], i.e., the United States of America," (Doc. 15, at ¶ 8), and, second, that the USDA was "involved in the construction project" (*Id.* at 7), by, among other things, "providing substantial funding." (*Id.* at ¶¶ 2-7).

The "mere mention of a federal agency in the factual background of a complaint does not raise a federal question." *Four River Expl., LLC v. Bird Res., Inc.*, 2010 WL 216369, at *2 (D.N.J. Jan. 15, 2010). The same is true even if more is alleged. In *Empire Healthchoice,* the Supreme Court held that despite the "distinctly federal interests involved" in the state contract claim - the contracts were expressly contemplated by a federal statute, one party involved was a federal agency, and reimbursement under the contracts would have been

paid to a federal fun - federal question jurisdiction did not exist because the actual claim derived from the underlying contract and not any federal law. 547 U.S. at 693-97.

Similarly, the mere presence of a federal standard embedded in a state-law cause of action is not enough to warrant federal-question jurisdiction. *Merrell Dow*, 478 U.S. at 810-12, 106 S.Ct. 3229. Rather, as the Supreme Court recognized in *Grable*, the appropriate test centers on whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S.Ct. at 2368.

Here, the Amended Complaint sets forth two exclusively state-law-derived causes of action against Defendant for breach of contract. There is no suggestion anywhere in the pleading that Plaintiff is suing to vindicate a federal right or to seek redress for a violation of federal law. The state law claims also do not raise substantial issues of federal law. The duty to follow the precepts of a validly-made contract arises from state law, and no federal right is implicated in the claim that the contract has been broken. This case also does not present the strong federal interest required to qualify for the federal forum; for instance, this suit does not call into question the validity of a federal statute or the conduct of a federal actor. *See, e.g., Main & Assocs., Inc. v. Blue Cross and Blue Shield of Ala.*, 776 F.Supp.2d 1270, 1280 (M.D. Ala.2011). Thus, granting federal-question jurisdiction over Plaintiff's state-law claims, without an accompanying federal cause of action, would be improper. *Grable*, 545 U.S. at 314. *See also United Jersey Banks v. Parell*, 783 F.2d 360, 366 (3d Cir.1986) (A plaintiff's reliance on state-law causes of action signified the claim is not one arising under federal law.).

## C.    Attorney's Fees

Because I will remand the case, I must consider Plaintiff's request for costs, expenses and attorney fees pursuant to 28 U.S.C. § 1447(c).

"An order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court recently interpreted this statute as one granting broad discretion to the District Court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704 (2005); *see also Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1261 (3d Cir.1996) (reviewing District Court's award of attorney's fees under abuse of discretion standard and affirming when "there was no colorable basis for the removal"). In *Martin*, the Supreme Court rejected any contention that the statute is skewed presumptively to either awarding or not awarding fees. The Court then announced the following standard: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked any objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* 126 S.Ct. at 711.

Because I find that Defendant did not lack "any objective reasonable basis" for seeking removal, given that the dispute as to McElwee's citizenship was a fair challenge, Plaintiff's motion for attorney's fees is denied.

### IV. Conclusion

For the above stated reasons, Plaintiff's motion to remand will be granted.

An appropriate order follows.

December 12, 2016                        /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                                   United States District Judge